IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Walker Manning Hughes, | ) | Case No. 0:24-cv-01529-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Shane Jackson; Edward Tisdale; Sgt. | ) | |
| Laporshe Walters; Dustin Phillips, NP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on motions for summary judgment filed by Defendants Shane Jackson and Edward Tisdale [Doc. 54] and Sergeant Laporshe Walters and Nurse Practitioner Dustin Phillips [Doc. 108]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On December 19, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motions for summary judgment be granted. [Doc. 137.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 33.] Plaintiff filed objections on January 23, 2026. [Doc. 144.] Walters and Phillips filed a reply on February 2, 2026 [Doc. 146], and Jackson and Tisdale filed a reply on February 6, 2026 [Doc. 148]. The motions are now ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**BACKGROUND**

Viewed in the light most favorable to Plaintiff, the summary judgment record reveals the following facts. Plaintiff, a prisoner in the custody of the South Carolina Department of Corrections, was assaulted in his cell in the F-1 unit at Lee Correctional Intuition ("LCI") by two other inmates on April 26, 2023. [Doc. 1-1 at 1–2.] The assailants wielded various weapons, including ice picks, a homemade axe, a flat blade, and a three-foot sword with spikes. [*Id*. at 2.] For approximately two hours, the assailants held Plaintiff hostage, repeatedly entered and exited Plaintiff's cell, and stole Plaintiff's personal possessions. [*Id.* at 1–2.] Plaintiff sustained multiple stab wounds and broken facial bones. [*Id.* at 1.] Security-camera footage from the A-side of the F-1 unit depicting the time during which the attack occurred confirms Walters' periodic presence in the F-1 unit.

[*See generally* Docs. 133 (video); 134.]

Walters entered the A-side of the F-1 unit to begin locking inmates into their cells. [Docs. 1-1 at 2; 133 (video at 17:48:29–17:54:56); 134 at 6.]  Plaintiff alerted Walters to his injuries.  [Docs. 1-1 at 2; 133 (video at 17:54:56–17:56:32); 134 at 6–7.]  Following her conversation with Plaintiff, Walters continued locking inmates on the A-side of the F-1 unit into their cells.  [Docs. 1-1 at 2–3; 108-1 at 6; 133 (video at 17:56:32–18:32:17); 134 at 7–8.]  Lieutenant McCullough arrived on the scene in response to an alleged call for assistance from Walters, and both officers escorted Plaintiff to the medical department.  [Docs. 1-1 at 3; 108-3 at 2–3; 133 (video at 18:32:17–18:38:22); 134 at 8.]  Approximately 40 minutes passed between Plaintiff's initial conversation with Walters and his trip to the medical department.  [Docs. 133 (video at 17:56:32–18:38:22); 134 at 7–8.]

Plaintiff was transferred to an outside hospital where some of his wounds were sutured.  [Doc. 1-1 at 4.]  When Plaintiff returned to LCI, Phillips examined Plaintiff and indicated that his wounds appeared appropriately bandaged.  [Doc. 108-4 at 4, 40–42.] In addition, Phillips completed paperwork for Plaintiff to receive a referral to a maxillofacial surgeon and ordered several medications.  [*Id.* at 4, 6, 40–42.]  In the ensuing weeks, Plaintiff had approximately 13 encounters with LCI medical or mental health staff during which Phillips was not present.  [*Id.* at 4, 10–39.]  Phillips examined Plaintiff again on June 21, 2023, at which time Phillips gave Plaintiff two pairs of orthotic shoes.  [*Id.* at 5, 8–9.]

As explained by the Magistrate Judge, Plaintiff's Complaint raises several claims pursuant to 42 U.S.C. § 1983 for violations of the Eighth Amendment: (1) failure to protect against Walters; (2) deliberate indifference to a risk of violence against Walters, Jackson,

and Tisdale; (3) supervisory liability against Jackson and Tisdale; (4) and deliberate indifference to serious medical needs against Walters, Jackson, Tisdale, and Phillips. [Doc. 6 at 1; *see also* Docs. 1; 137 at 2–3.]

## **DISCUSSION**

The Magistrate Judge recommends granting Defendants' motions for summary judgment. [Doc. 137.] Regarding the failure-to-protect and deliberate-indifference-to-a-risk-of-violence claims, the Magistrate Judge determined that (1) Plaintiff failed to forecast sufficient evidence of pervasive inmate-on-inmate assaults, contraband reports, or staff shortages in the F-1 unit at LCI giving rise to an obvious risk of violence and (2) Plaintiff failed to forecast sufficient evidence showing that Defendants possessed actual, subjective knowledge "that Plaintiff's assailants presented an imminent danger of serious harm to other inmates *and* that any action or inaction by that defendant increased that risk to a strong likelihood—rather than a possibility—that they would commit violence against other inmates." [*Id.* at 13–23.] Regarding the deliberate-indifference-to-medical-needs claim, the Magistrate Judge concluded that Plaintiff failed to present sufficient evidence showing that the treatment he received was so grossly incompetent as to shock the conscience. [*Id.* at 24–29.] Finally, regarding the supervisory liability claim, the Magistrate Judge determined that Plaintiff failed to forecast evidence of a constitutional violation by a subordinate or continued inaction in the face of documented, widespread abuses. [*Id.* at 29–32.]

Plaintiff raises several objections to the Report. Specifically, Plaintiff argues that (1) the Magistrate Judge improperly weighed the video evidence; (2) the Magistrate Judge misapplied *Farmer v. Brennan*, 511 U.S. 825 (1994), by requiring specific proof of an

imminent threat; (3) the Magistrate Judge barred Plaintiff from completing requested discovery; (4) Plaintiff submitted sufficient evidence to survive summary judgment on the deliberate-indifference-to-medical-needs claim; (5) Plaintiff submitted sufficient evidence to survive summary judgment on the supervisory liability claim; and (6) Plaintiff reserved the right to submit an additional claim for negligence.  [Doc. 144.]

The Court overrules Plaintiff's objections.  First, the Magistrate Judge correctly observed that a court need not credit the non-moving party's version of the facts if the video evidence blatantly contradicts it and no reasonable jury could believe it.  [Doc. 137 at 22 (citing *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276–77 (4th Cir. 2011)).]  In the present case, the Magistrate Judge construed the facts in the light most favorable to Plaintiff and credited Plaintiff's account *to the extent it was supported by the record*.  [*See, e.g., id.* at 2 ("Plaintiff concedes Walters's presence on his wing in his supplemental response, in which he details Walters's movements during the period of time shown in the video." (citing Doc. 134)); *id.* at 22 n.6 (crediting Plaintiff's assertion that one of his assailants carried a visible weapon but concluding that "an imminent risk to other inmates from that weapon" was not obvious to Walters because she "was not present on the wing during this time" (citing Doc. 134 at 4)); *id.* at 26 (noting that Plaintiff "does not dispute that, approximately forty minutes after his initial conversation with Walters, Walters and McCullough escorted Plaintiff to the medical department" (citing Doc. 134 at 9)).]  Conversely, the Magistrate Judge declined to credit Plaintiff's version of the facts where the video evidence clearly contradicted it.  [*See, e.g., id.* at 21–22 (determining that "Plaintiff's arguments that Defendants Walters, Jackson, and Tisdale had actual knowledge of a substantial risk of harm to Plaintiff either based on what Walters must

have seen while in the F-1 unit or through Jackson's and Tisdale's monitoring of the security cameras [were] contradicted by the evidence in the record" where "review of the video footage [did] not show obvious, visible blood on either of Plaintiff's attackers" or a "blatant display of weapons").]  The Court has conducted a de novo review of the video footage and concludes that the Magistrate Judge did not err in discrediting portions of Plaintiff's factual statements.

Second, the Magistrate Judge did not misapply *Farmer*.  In *Farmer*, the United States Supreme Court held that "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  511 U.S. at 842.  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  *Id.* (citation omitted).  An obvious risk is typically "longstanding, pervasive, well-documented, or expressly noted."  *Id.* (internal quotation marks omitted).  In the present case, the Magistrate Judge correctly determined that Plaintiff produced "no evidence" of an obvious risk—whether direct or circumstantial—"in support of such allegations for the time period at issue."  [Doc. 137 at 19.]  Moreover, the Magistrate Judge found that Plaintiff failed to forecast evidence from which a reasonable jury could find that Defendants possessed actual knowledge of a substantial risk of attack, as Plaintiff himself conceded that he did not see the attack coming, never told a security staff member that he believed himself to

6

be in danger, and never requested protective custody. [*Id*. at 19–20 (citing Doc. 117-4 at 9).] Such uncontroverted facts preclude relief.

Third, the Magistrate Judge did not improperly deny discovery. Indeed, the Magistrate Judge denied Plaintiff's motion to compel *without prejudice* and *with leave to refile* [Doc. 66], and Plaintiff never renewed his motion to compel.

Plaintiff's fourth and fifth objections fail to identify a specific disagreement with the Magistrate Judge's Report. [*See* Doc. 144 at 2.] Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Magistrate Judge's findings regarding Plaintiff's deliberate-indifference-to-medical-needs claim and supervisory liability claim. [*See* Doc. 137 at 24–32.] Upon such review, the Court concludes that the Magistrate Judge properly reviewed the evidence in the light most favorable to Plaintiff in reaching her conclusions. In particular, Plaintiff's uncontroverted medical records indicate that Plaintiff received constitutionally adequate care. [*Id.* at 25–29.] Moreover, Plaintiff failed to provide evidence of a constitutional violation by a subordinate. [*Id.* at 31–32.]

Finally, Plaintiff attempts to preserve a claim for negligence. This "objection" is improper, as it extends beyond the scope of the Magistrate Judge's Report. *See Addison v. CMH Homes, Inc.,* 47 F. Supp. 3d 404, 412 (D.S.C. 2014) ("The Court is . . . not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report."). Moreover, Plaintiff's opportunity to amend the pleadings has long lapsed. [*See* Doc. 12 (scheduling order setting a deadline to file motions to amend pleadings by June 13, 2024).]

**CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motions for summary judgment [Docs. 54; 108] are GRANTED.

IT IS SO ORDERED.

s/Jacquelyn D. Austin<br>United States District Judge

February 24, 2026
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.